AYRES, Judge.
Plaintiff, a subcontractor of the defendant, seeks to recover a balance allegedly due him under his subcontract. From a judgment in his favor, defendants appealed.
The issues involved are entirely factual in nature and relate to the question as to whether plaintiff performed all the obligations undertaken by him.
The facts upon which the claim is based may be briefly stated. The defendant, Belcher & Son, Inc., entered into a contract with the United States Government to furnish all materials, appliances, and equipment, and to perform all the labor necessary to construct and complete, according to plans and specifications prepared and furnished by the Government, a base procurement office and calibration facilities building, designated 1302, at the England Air Force Base. Included in the obligations undertaken were the furnishing and installation of an air-conditioning system, details of' which were included in the plans and specifications. This particular portion of the construction contract was sublet by defendant to plaintiff. After the work was said to have been completed, complaints were made to the general contractor of certain alleged deficiencies in the operation of the system.
Defendant, as the prime contractor, was called upon by the Government to correct and remedy the defects. Defendant, in turn, called upon plaintiff, as his subcontractor, to satisfy the demands of the Government. Plaintiff, however, refused to remedy said defects or to satisfy the demands of the Government, whereupon, *923 after having placed plaintiff in default, defendant caused adjustments and corrections to be made in the installation so that the system would give the service intended.
In making this adjustment, defendant expended the sum of $690, which it paid out of the ten percent of the contract price retained and withheld by it from plaintiff, and, after suit was filed, defendant tendered the balance of $30.80, together with accrued costs, to plaintiff, which he refused.
The specific complaint of the Government was that the plans and specifications contemplated the use and installation of two separate and independent 12-hp. compressor units and two blower units equipped for both heating and cooling, so designed and installed as to operate either together or as separate units; whereas, under the installation made, the units would not successfully operate separately because of malfunctioning in the operation of the equipment, resulting in the heating unit or the cooling coil of either of the units to deliver only approximately one-half of its thermal rating when the other unit was not in operation. This was allegedly due to the failure of the plaintiff to comply with his contract and the plans and specifications identified therewith, and to install baffles to separate the coils of the heat pump, or to install motors and motorized control dampers to separate and zone the system, or to provide electrically-interlocked damper control motors with the existing Honeywell thermostats, by use of relays, to accomplish satisfactory operating conditions, or to relocate filter rack and incorporate in damper box section.
Plaintiff’s position is that he performed all the obligations of his contract in strict compliance with the plans and specifications prepared by the Government and furnished him by the defendant, and that whatever deficiency existed was not due to any failure upon his part but to a design deficiency, explained as meaning a deficiency in the design which prevents a unit or equipment to function in the manner and to the degree of efficiency as intended and contemplated by both plans and specifications as well as the contract.
Plaintiff, who has been engaged in the electrical and air-conditioning contracting business for approximately twelve to fifteen years, testified emphatically that none of the aforesaid items was indicated or specified in either the plans or specifications, and their installation formed no part of his contractual obligations. Tyler G. Higginwall, sales engineer for the Mathes Company, which manufactured the air-conditioning system furnished and installed in the project herein concerned, likewise testified that the aforesaid items were not included in the aforesaid plans or specifications. His testimony corroborates that of plaintiff that plaintiff performed his contract in accordance with the plans and specifications. Angus A. Anderson, a sales representative for the Mathes Company for approximately eleven years, testified that the aforesaid items were not included in a standard Mathes heating unit but were extra equipment.
As opposing the aforesaid testimony, defendant offered the testimony of Lt. Charles J. Elliott, base procurement officer at England Air Force Base, and John D. Belcher, president of defendant corporation. Lt. Elliott is not an engineer and, through his own admission, it appears he had little personal knowledge concerning the engineering aspect of the project or technical information concerning the plans and specifications, or as to the existence of deficiencies in the units or their installation, or as to the cause, or even the existence, of their failure to function properly. All of these matters were entrusted to technical assistants and advisers who, in this instance, made whatever inspections were made and reported the results thereof to Lt. Elliott as the Base Procurement Officer. None of these assistants or advisers were produced as witnesses; nor was their testimony taken. Hence, whatever material testimony was proffered can be viewed in no other light and given no *924 more weight than as hearsay or as an expression of an opinion upon matters on which, admittedly, the witness was not qualified to testify or to express an opinion.
Belcher’s testimony was of a similar character to that of Lt. Elliott. He, also, admittedly was not an expert on electrical or air-conditioning matters. He testified that neither he nor anyone in his organization was qualified to check and determine whether the air-conditioning and heating system as installed complied with the plans and specifications.
Hence, the conclusion is inescapable that the weight and preponderance of the evidence is with the plaintiff. Thus, it can be only concluded that the furnishing and installation of the additional equipment items were not included in plaintiff’s contract, and, moreover, that he performed the obligations of his contract in accordance with the plans and specifications.
The judgment appealed is, therefore, affirmed at defendants-appellants’ cost.
Affirmed.